**JUDGE HOLWELL**

08 CV 5999

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SIFANDROS CARRIER LTD.,

              Plaintiff,

  - against -

LMJ INTERNATIONAL LTD. a/k/a
LMJ INTERNATIONAL LIMITED a/k/a
LMJ INTERNATIONAL a/k/a
L M J INTERNATIONAL,

              Defendant.
-----------------------------------------------------------------X



08 CV _____

ECF CASE

RECEIVE

JUL 01 2008

U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, SIFANDROS CARRIER LTD., (hereafter referred to as "SIFANDROS" or

"Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its

Verified Complaint against the Defendant, LMJ INTERNATIONAL LTD., a/k/a LMJ

INTERNATIONAL LIMITED, a/k/a LMJ INTERNATIONAL a/k/a L M J INTERNATIONAL

(hereinafter referred to as "LMJ" or "Defendant") alleges, upon information and belief, as

follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the

breach of a maritime contract of charter. This matter also arises under the Court's federal

question jurisdiction within the meaning of 28 United States § 1331 and the New York

Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et*

*seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation,

or other business entity, organized under, and existing by virtue of foreign law and was at all

material times the disponent owner[1] of the motor vessel "GANT VISION" (hereinafter the "Vessel").

3.     Upon information and belief, Defendant LMJ was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with a place of business located at 30 Jawaharlal Nehru Road, Block C, 2nd Floor, Kolkata 700016, India.

4.     By a charter party dated April 2, 2008 Plaintiff voyage chartered the Vessel to Defendant. The charter party called for the carriage of iron ore fines in bulk from Haldia, India and Paradip, India to any main port, China.  *A copy of the charter party is annexed hereto as Exhibit 1.*

5.     Plaintiff delivered the Vessel into the service of the Defendant LMJ on April 4, 2008 by way of a Notice of Readiness and has at all times fully performed its duties and obligations under the charter party. Defendant loaded onto the Vessel a total of 42,400 metric tons of iron ore fines in bulk at Haldia (19,000 mt) and Paradip (23,400 mt) which was safely carried from the aforesaid load ports and discharged by the Vessel at the port of Xingang, China from May 15 – 20, 2008.

6.     The charter party obligates Defendant LMJ to pay to Plaintiff a freight rate of $47 per metric ton of cargo carried aboard the Vessel and also a demurrage rate of $37,000 per day for time incurred by the Defendant for loading and/or discharging cargo to/from the Vessel beyond the time allowed ("laytime") in the charter party for LMJ to load and/or discharge the cargo.

---

[1] A 'disponent owner' controls the commercial operations of a vessel having taken the vessel on charter from the registered owner of the vessel. The disponent owner usually time charters the vessel from the registered owner and then sub-charters the vessel to charterers.

2

7.    A dispute has arisen between the parties regarding LMJ's failure to pay in full all charter party freight, in particular a freight balance due of $54,498[2], and also LMJ's failure to pay any and all of the $553,378.68 demurrage due and owing to Plaintiff under the charter party contract.

8.    As a result of LMJ's breach of the charter party due to its failure to pay all freight and demurrage due and payable, Plaintiff has sustained damages in the total principal amount of $607,876.68, exclusive of interest, arbitration costs and attorneys fees. *Attached hereto as Exhibit 2 are copies of Plaintiff's laytime statement statements and unpaid final freight statement and demurrage statement.*

9.    Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London subject to English law. Sifandros specifically reserves its right to arbitration of its claims against LMJ. Sifandros is preparing to commence London arbitration against LMJ.

10.    This action is brought in order to obtain jurisdiction over LMJ and also to obtain security for Sifandros' claims and in aid of arbitration proceedings.

11.    Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

A.    Principal claims:                                    $607,876.68;

| | |
|---|---|
| [i. Unpaid freight: | $54,498] |
| [ii. Unpaid demurrage: | $553,378.68] |

---

[2] Freight due was $1,992,800 based on the $47 per metric ton freight rate multiplied by the 42,400 metric tons of cargo loaded. LMJ remitted $1,938,302 of the gross freight due leaving an unpaid freight balance of $54,498.

3

| B. | Estimated interest on claims-<br>2 years at 6% compounded quarterly: | $76,891.89; |
| C. | Estimated arbitration costs: | $40,000.00; and |
| D. | Estimated attorneys' fees and expenses: | $80,000.00. |
| **Total:** | | **$804,768.57.** |

12.     The Defendant cannot be found within this District[3] within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

13.     The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia,* any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A.     That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

---

[3] *See* Affidavit of Kevin J. Lennon attached as Exhibit 2.

4

B.     That since the Defendant cannot be found within this District pursuant to
Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue
an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment
pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims,
attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies,
tangible or intangible, or any other funds up to the amount of **$804,768.57** belonging to, due or
being transferred to, from, or for the benefit of the Defendant, including but not limited to such
property as may be held, received or transferred in Defendant's name or as may be held, received
or transferred for its benefit at, moving through, or within the possession, custody or control of
banking/financial institutions and/or other institutions or such other garnishees to be named, and
that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental
Admiralty Rule B answer the matters alleged in the Complaint;

C.     That the Court retain jurisdiction to compel the Defendant to arbitrate in
accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.     That this Court retain jurisdiction over this matter through the entry of any
judgment or award associated with any of the claims currently pending, or which may be
initiated in the future, including any appeals thereof;

E.     That this Court recognize and confirm any arbitration award(s) or judgment(s)
rendered on the claims set forth herein as a Judgment of this Court;

F.     That in the alternative this Court enter judgment against the Defendant on the
claims set forth herein;

G.     That this Court award Plaintiff the attorneys' fees and costs incurred in this
action; and

5

H.    That the Plaintiff has such other, further and different relief as the Court

may deem just and proper.

Dated:    New York, NY
~~June 27, 2008~~
July 1, 2008

The Plaintiff,
SIFANDROS CARRIER LTD.

By: _____

Kevin J. Lennon
Patrick F. Lennon

LENNON, MURPHY & LENNON, LLC
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile
kjl@lenmur.com
pfl@lenmur.com

6

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1.    My name is Kevin J. Lennon.

2.    I am over 18 years of age, of sound mind, capable of making this

Verification, and fully competent to testify to all matters stated herein.

3.    I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the

Plaintiff.

4.    I have read the foregoing Verified Complaint and know the contents

thereof and believe the same to be true and accurate to the best of my knowledge, information

and belief.

5.    The reason why this Verification is being made by the deponent and not

by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now

within this District.

6.    The source of my knowledge and the grounds for my belief are the

statements made, and the documents and information received from, the Plaintiff and agents

and/or representatives of the Plaintiff.

7.    I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    New York, NY
          July 1, 2008

Kevin J. Lennon

7

# EXHIBIT 1

| | |
|---|---|
| 1.Shipbroker<br>TRAMPLINE-NEW DELHI | RECOMMENDED<br>THE BALTIC AND INTERNATIONAL MARTIME COUNCIL<br>UNIFORM GENERAL CHARTER<br>(AS REVISED 1922, 1976 AND 1994) (To be used for trades for which no<br>specialty approved form is in force)<br>CODE NAME: "GENCON" |
| | 2. Place and date<br>2 APRIL 2008 |
| 3.Owners / Place of Business (Cl.1) | 4. Charterers / Place of Business (Cl.1)<br>LMJ INTERNATIONAL, KOLKATA<br>30 J.N.ROAD – KOLKATA - INDIA |
| 5.Vessels Name (Cl.1)<br>MV "GIANT VISION" | 6.GT/NT (Cl.1)<br>25,889/13,573 |
| 7.DWT all told on summer load line in metric tons<br>(abt.)(Cl.1)<br>DWT 43,536 MT ON 11 319M SSWD | 8.Present Position (Cl.1)<br>Trading |
| 9.Expected ready to load (abt.)(cl.1)<br>09TH APRIL 2008 | 11.Discharging Port or Place(Cl.1)<br>1SB 1SP N CHINA EXCLD  YANGTZE RIVER PORT,<br>CHRRS QTEE NO DRAFT RESTRICTIONS FOR THIS VESSEL AT<br>THR DISCH  PORT. |
| 10.Loading Port or Place (Cl.1)<br>1SB 1SP HALDIA + 1SB 1SP PARADIP | |
| 12. Cargo (also state quantity and margin in owners option, if agreed, if full and complete cargo not agreed state "part cargo"(cl.1))<br>40,000MT 10PCT MOLOO BULK IRON ORE | |
| 13.Freight Rate(also state whether freight prepaid or<br>payable on delivery)(Cl.4)<br>FRT USD 47/- PMT FSS 2/1 FIOST  OWNERS<br>PROVIDE VSLS GR3S FOR LOADING | 14.Freight Payment (State currency and method of payment ; also<br>beneficiary and bank account) (Cl.4)<br>. SEE CLAUSE 28. |
| 15.State if vessels cargo handling gear shall not be used<br>(Cl.5)<br><br>YES | 16.Laytime (if  separate laytime for load and discharge is agreed fill in a) and<br>b),if total laytime for load and disch, Fill in c) only (Cl.6) |
| 17. Shippers / Place of business (Cl.6)<br>LMJ INTERNATIONAL KOLKATA | (a)  Laytime for loading:<br>5000 MT PWWD SHINC AT BERTH HALDIA – 7000 MT PWWD SHINC AT<br>BERTH PARADIP<br>24 HRS TT AT HALDIA AND 12 HRS TT AT PARADIP |
| 18.Agents (loading) (Cl.5)<br>BONVOYAGE SHIPPING & LOGISTICS  -  mob: 93 98384<br>92487, P/C AK GHOSH | (b)  Laytime for discharging:<br>10,000 PWWD SHINC  AT BERTH-NO TT |
| 19.Agents (discharging) (Cl.6)<br>RVTG | (3)Total laytime for loading and discharging : NA |
| 20.Demurrage rate and manner payable (loading and<br>discharging) (Cl.7)<br>DEM/DES: USD 37,000/- PDPR HD AT  BENDS | 21.Cancelling date (Cl.9)<br>18 APRIL |
| | 22.General average is to be adjusted at (Cl.12) See Clause  11 & 41 |
| 23. Freight tax (State if for the owner's account) (Cl.13 ©)<br>Yes, on Owners account | 24.Brokerage commission and to whom payable (Cl.15)<br>3.75TOT COMMISSIONS |
| 25.Law and arbitration | State 13 (a), 19(b), 19(c) of Cl.19 ;<br>if 19 c agreed also state Place of Arbitration )(if not filled<br>In 19 (a) shall apply ) In London and english law to apply | |
| (a)State maximum amount for small claims/ shortened<br>arbitration ( Cl.19)<br>Not applicable | 26.Additional clauses covering special provisions, if agreed<br>26-46 |

It is mutually agreed that this Contract shall be perform subject to the conditions contained in this Charter Party which
shall include Part I as well as Part II. In the event of a conflict of conditions the provisions of  Part I shall prevail over those
of Part II to the extent of such conflict.

| Signature (Owners) | Signature ( Charterers ) |
|---|---|
| | |

PART II

"Gencon" Charter (As Revised 1922, 1976 and 1994)

**Agency**    SEE CLAUSE 44

**Brokerage**    SEE BOX 24

**General Strike Clause**

**War Risks ("Voywar 1993")**

**Cancellation Clause**

*Port of loading*

**General Clause**

**Law and Arbitration**    SEE CLAUSE 44

PART II
"Gencon" Charter (As Revised 1922, 1976 and 1994)

RIDER CLAUSES
========================================================

CLAUSE 20:

FREIGHT DEEMED EARNED ON SHIPMENT DISCOUNTLESS AND NOT RETURNABLE TO VESSEL AND /OR
CARGO LOST OR NOT LOST.100% FREIGHT LESS COMM/OAP MAX USD 2500 TO BE PAID WITHIN 4
BANKING DAYS AFTER COMPLETION OF LOADING

CHRTS HV OPTN TO PAY EQUIVALENT FRT IN EURO WITH X-CHANGE RATE 1.50

   FREIGHT PAYMENT TO :


CLAUSE 21:

THE CARGO TO BE LOADED STOWED / DISCHARGED BY THE SHIPPERS / RECEIVERS FREE OF CHARGE
TO THE VESSEL.


CLAUSE 22:

LOADING RATE : HALDIA  5000 PWWD SHINC AT BERTH/ PARADIP 7000 MT PWWD SHINC AT BERTH  BSS
4X30T CRANES, PRORATA IF LESS AND OWNERS CONFIRM VSL CRNS SERVE ALL HO/HA

DISCHARGING RATE: 10,000MT PWWD SHINC AT BERTH BSS 4X30T  CRANES, PRORATA IF LESS. RAIN
DELAYS AND DELAYS DUE TO PORT MACHINERY / MECHANICAL LOADER BREAK DOWN NOT TO COUNT
AS LAYTIME.

SHORE CRNS COST OWNERS ACCOUNT IN CASE OF VSL GEARS FAULT OR IF OWS CHOOSE TO USE
SAME

AT  LOAD PORT  HALDIA  24 HRS  FREE TIME (TURN TIME) AND AT PARADIP 12 HRS FREE TIME
/DISCHARGE PORTS  NO  FREE TIME (TURN TIME) TO BE ALLOWED.AND LAYTIME TO COMMENCE FREE
TIME    AFTER VESSELS ARRIVED ANCHORAGE  AT HALDIA/PARADIP PORT UNLESS LOADING
COMMENCES EARLIER IN WHICH CASE LAYTIME TO COMMENCE UPON COMMENCEMENT OF LOAD
OPERATIONS. TIME USED BEFORE COMMENECEMENT OF LAYTIME TO COUNT AS  ACTUAL  TIME

CLAUSE 23:

CHARTERERS ARE TO PAY DEMURRAGE AT THE RATE OF (BOX 20)  PER DAY PRORATA FOR ANY PART
OF A DAY AT BOTH ENDS AND OWNERS ARE TO PAY CHARTERERS DESPATCH MONEY AT HALF THE
DEMURRAGE RATE PER DAY OR PRORATA FOR ANY PART OF A DAY FOR WORKING TIME SAVED AT
BOTH ENDS.

RELATED DOCUMENTS, NOTICE OF READINESS AND STATEMENT OF FACTS FOR DEMURRAGE/
DESPATCH CALCULATIONS MUST BE SIGNED AND STAMPED BY THE RELEVANT PARTIES AT LOAD AND
DISCHARGE PORT(S)  PROVIDED SHIPPERS/RECEIVERS/AGENTS ARE PRESENT/AVAILABLE ON BOARD
UPON COMPLETION OF LOADING/DISCHARGING.

DEMURRAGE AND DESPATCH PAYMENT IS TO BE ARRANGED BY THE CHARTERERS/OWNERS
WITHIN/LATEST 15 DAYS AFTER COMPLETION OF DISCHARGING OF CARGO/COMPLETION OF VOYAGE
AND PRESENTATION BY THE OWNERS ALL RELEVANT SUPPORTING DOCUMENTS FOR LAYTIME
CALCULATIONS INCLUDING TIME SHEETS, STATEMENT OF FACTS, NOTICE OF READINESS AND
OWNERS/MASTERS E.T.C. NOTICES FOR BOTH LOADING AND DISCHARGING PORT(S). COPIES
ACCEPTED.

LAYTIME IS TO BE REVERSIBLE BETWEEN LOADING PORTS BUT NOT REVERSIBLE BETWEEN LOADING
/DISCHARGE PORTS

CLAUSE 24:

VESSEL TO BE PRESENTED FOR LOADING WITH HOLD PROPERLY SWEPT, CLEANED AND DRY READY TO RECEIVE IN ALL RESPECTS INTENDED CARGO. IN CASE VESSEL FINALLY FOUND NOT TO BE READY IN ALL RESPECTS TO LOAD THE INTENDED CARGO, THE ACTUAL TIME FROM DISCOVERY THEREOF UNTIL SHE IS IN FACT READY TO LOAD SHALL NOT COUNT AS LAYTIME.

## CLAUSE 25:

OVERTIME TO BE FOR THE ACCOUNT OF THE PARTY ORDERING SAME, IF ORDERED BY PORT AUTHORITIES, THEN IT WILL BE SHARED EQUALLY BETWEEN CHARTERERS / OWNERS.
OFFICERS AND CREW OVERTIME ALWAYS TO BE FOR THE ACCOUNT OF OWNER. SHIPPERS / CHARTERERS / RECEIVERS HAVE RIGHT TO WORK ALSO DURING NIGHTS AND SATURDAY / SUNDAY / FRIDAY / HOLIDAY.
OPENING AND CLOSING OF HATCHES WILL BE EFFECTED BY SHIPS CREW ON SHIPPERS, CHARTERERS, RECEIVERS REQUEST DUE TO WEATHER CONDITIONS IN OWNERS ACCOUNT, PROVIDED SAME OPERATION IS ALLOWED BY LOCAL AUTHORITIES AND REGULATIONS.

## CLAUSE 26:
NOR TO BE TENDERED AND ACCEPTED ATDNSHINC AT LOAD AND DISPORT BY CABLE/FAX/TELEX,WIPON, WIBON, WICCON,WIFPON..

## CLAUSE 27:

ANY TAXES/DUES ON VSL/FREIGHT OWNERS ACCOUNT AND ANY TAXES/DUES ON CGO CHARTERERS ACCOUNT.

## CLAUSE 28:

SHOULD DAMAGE BE CAUSED TO THE VESSEL OR HER FITTINGS BY THE CHARTERERS OR THE STEVEDORES, THE MASTER AND/OR OWNERS SHALL ENDEAVOUR TO:

1) GIVE WRITTEN NOTICE TO THE PARTY ALLEGEDLY RESPONSIBLE AND TO THE CHARTERERS OR THEIR SUPERCARGO GIVING FULL PARTICULARS OF THE DAMAGE AND ITS ALLEGED CAUSE. THE MASTER SHALL OBTAIN THE WRITTEN ACKNOWLEDGMENT OF LIABILITY FROM THE PARTY CAUSING ANY DAMAGE OR, FAILING THIS, SHALL OBTAIN ACKNOWLEDGMENT FROM SUCH PARTY OF THIS NOTICE. ANY NOTICE ISSUED HEREUNDER TO BE GIVING NO LATER THAN 48 WORKING HOURS AFTER THE ALLEGED DAMAGE OCCURRED OR PRIOR TO THE VESSEL'S SAILING FROM THE PORT, WHICHEVER IS SOONER.
2) IMMEDIATELY ARRANGE IN CONJUNCTION WITH CHARTERERS' AGENTS OR SUPERCARGO FOR THE DAMAGE TO BE SURVEYED AND AN ESTIMATE OF THE REPAIR COSTS TO BE GIVEN.
3) NOTWITHSTANDING ANYTHING CONTAINED HEREIN, IT IS SPECIFICALLY AGREED THAT ANY DAMAGE AFFECTING VESSEL'S CLASS, SEAWORTHINESS, CARGO WORTHINESS OR THE NORMAL OPERATION OF THE VESSEL, SHALL BE REPAIRED AT THE PORT OF OCCURRENCE AND IN ANY CASE PRIOR REDELIVERY TO THE CLASS SURVEYOR SATISFACTION AT THE CHARTERERS EXPENSE AND TIME. VESSEL TO REMAIN FULLY ON HIRE DURING SUCH REPAIRS IF SUCH DAMAGE CAUSED SOLELY BY CHARTERERS OR THEIR SERVANTS.

## CLAUSE 29:

OWNERS GUARANTEE THAT THE VESSEL IS FULLY P & I COVERED AND CLASSED "NKK" AND WILL REMAIN SO MINIMUM 45 DAYS AFTER COMPLETION OF DISCHARGE UNDER THIS CHARTER PARTY.

## CLAUSE 30:
CHARTERERS AGENTS TO SIGN AND RELEASE BILL(S) OF LADING ON COMPLETION OF LOADING, MARKED "FREIGHT PAYABLE AS PER CHARTER PARTY" AND "CLEAN ON BOARD". INCASE OF " FREIGHT PREPAID " BILLS OF LADINGS SAME TO BE KEPT IN CUSTODY OF AGENTS AND RELEASED ONLY AGAINST OWNER'S CONFIRMATION IRREVOCABLE RECEIPT OF FREIGHT IN THEIR NOMINATED BANK ACCOUNT. MASTER AUTHORIZE LOAD PORT AGENTS TO ISSUE /RELEASE THE B/L .

CLAUSE 31:

STEAMING FROM ANCHORAGE TO BERTH AND VICE VERSA IS NAVIGATION TIME AND ON VESSEL ACCOUNT, HOWEVER ANY OTHER SHIFTING IS CHARTERERS ACCOUNT IF NOT ORDERED BY PORT DUE REASONS RELATED TO VESSEL FAULTS OR VESSEL RELATED ISSUES SUCH AS REPAIRS/BUNKERING/CRANE BREAKDOWN PROBLEMS / WAITING FOR TIDE ETC.


CLAUSE 32: VESSEL DETAILS


MV "GANT VISION" EX "LEPTA VENUS"
SGLE DECK SELF TRIMMING B/C
BLT 10/92 MALTA FLAG DWT 43,536 MT ON 11.319M SSWD
PASSED DD/SS 7/2007 - GRT/NRT 25,899/13,673
5HO/5HA - GR/BL 1.892,661 / 1.846,261 CF
LOA 185.84M BEAM 30.40M - CR 4 X 30TS
4 x PEINER RADIO CONTROLLED SINGLE ROPE GRABS
MAKER : SMAG
CAPACITY        : 10 CM / 6 CM (CUBIC METERS)

CAPACITY     MAX PERMITED DENSITY

| 10 | CM | 1.5 T/CM |
| 9.0 | CM | 1.65 T/CM |
| 8.0 | CM | 1.85 T/CM |
| 7.0 | CM | 2.10 T/CM |
| 6.0 | CM | 2.5 T/CM |

GRAB WEIGHT    : APPROXIMATE 9 TON

HA SIZES: HOLD NO.1 19.2M X 15.3M - HOLD NO.2/3/4/5 20.8M X 15.3M
FOLDING TYPE HCOVER. CO2 + S.W. FTTD IN HOLDS AND NAT VENT.
++

SP LADEN ABT 13,5 KN ON ABT 27 TNS/DAY HFO 380 CST TO ISO-F-RMG 35 +
0.5 TNS MDO DMB AS PER ISO 8217 SPEC 2005(E) CATEGORY ISO-F

SP BLLST ABT 14 KN ON ABT 27 TNS/DAY (OWISE AS ABV)

WEATHER COND NOT EXCEEDING WIND FORCE BS 4 A/O DOUGLAS SEA STATE 3 AND
NO ADVERSE STRONG CURRENTS.

VSL CONSUMES H.F.O. WHILST MANOEUVERING 0.7 TNS/PER HOUR
PORT IDLE 3.0 TNS HFO PER 24HRS + 1.0 MDO FOR AUX ENGS
PORT GEAR WORKING 5.0 TNS HFO PER 24HRS + 1.0 MDO FOR AUX ENGS
++

- IF VSL LOADS TO FULL DWT CAPACITY WITH HIGH DENSITY CARGOES (I.E.
CARGO STOWING LESS THAN 35 CF/MT), THEN VSL TO BE LOADED
HOMOGENEOUSLY.

ALL DTLS ABT


CLAUSE 33:

OWNERS WARRANT THAT THE VESSEL WILL NOT BE BLACK LISTED FOR ANY REASON WHATSOEVER AND SHALL HAVE ON BOARD ALL CERTIFICATES, RECORDS, AND OTHER DOCUMENTS REQUIRED, A VALID CERTIFICATE OF FINANCIAL RESPONSIBILITY U.S. GOVERNMENT AND OTHER COUNTRIES REGULATIONS / RULES. OWNERS ALSO UNDERTAKE TO COMPLY WITH P & I REGULATIONS AND RULES IN FORCE CONCERNING OIL POLLUTION OR OTHER POLLUTANTS. ANY DELAYS AND/OR PENALTIES DUE TO NON COMPLIANCE WITH THESE REGULATIONS TO BE FOR OWNERS ACCOUNT.

CLAUSE 34:

IF ORIGINAL BILLS OF LADING NOT AVAILABLE AT DISCHARGING PORT THEN CARGO TB RELEASED AGAINST SIMPLE/SINGLE LOI IN OWNERS PNI WORDING DULY SIGNED BY CHARTERERS..CARGO TO BE KEPT IN OWNERS AGENTS/CUSTOM CUSTODY AND RELEASED AGAINST ORIGINAL BILLS OF LADINGS AND CHARTERERS WRITTEN AUTHORITY TO RELASE CARGO TO FINAL RECEIVERS.

CLAUSE 35 – AGENTS NOTICE:
CHRTS AGENTS BENDS  SUBS OWNERS APPROVAL OF PORT D/A
.MASTER AUTHORIZE LOAD PORT  AGENTS TO ISSUE /RELEASE THE B/L.

AT LOADING PORT

OWNERS / MASTER TO GIVE NOTICE ON FIXING THEN 72/48 HOURS APPROXIMATE AND 24 HOURS DEFINITE NOTICE FOR ARRIVAL TO LOADING PORT TO THE FOLLOWING PARTIES:

LOADPORT AGENTS: -
BONVOYAGE SHIPPING AND LOGISTICS  PIC MR AK GHOSH-  mob: 91 98304 92487
EMAIL : SIMASHIP@YAHOO.CO.IN

AT DISCHARGING PORT
TBA

CLAUSE 36:
OVER AGE PREMIUM OWNERS  CONTRIBUT MAX USD 2500/= LUMPSUM

CLAUSE 37

CHARTER PARTY TERMS AND DATE AND CONDITIONS ALWAYS BE INCORPORATED TO THE BILL OF LADING AND SUPERSEDE BILL OF LADING TERMS WHENEVER CONTRADICTORY.

CLAUSE 38:

BIMCO/ISM CLAUSE TO APPLY FULLY.

CLAUSE 39:

NEW JASON CLAUSE, NEW BOTH TO BLAME COLLISION CLAUSE, GENERAL CLAUSE PARAMOUNT AND P & I BUNKERING CLAUSE ARE DEEMED TO BE INCORPORATED IN THIS CHARTER PARTY.

CLAUSE 40:
OWNERS WARRANT THAT VESSEL WILL NOT BE SOLD OR CHANGE OWNERSHIP EVEN FOR DEMOLITION BEFORE COMPLETION OF DISCHARGE OF CARGO AND BEFORE BEING RELEASED BY RECEIVERS. IF IN BREACH OF CHARTER PARTY OWNERS SELL THE VESSEL FOR DEMOLITION, OWNERS IMMEDIATELY SHALL PAY ANY INSURANCE PENALTY AND ANY OTHER PENALTIES/DAMAGES RESULTANT THEREOF.

CLAUSE 41:
OWNERS SHALL NOT LIEN CARGO  FOR ANY PREVIOUS DISPUTES BETWEEN THE SAID OWNERS AND THE CHARTERERS AND NEITHER THE CHARTERERS SHALL DETAIN SHIP DUE TO ANY PREVIOUS DISPUTES WITH THE SAID OWNERS, HOWEVER OWNERS SHALL HAVE LIEN ON CARGO DUE TO ANY ISSUES RELATED TO FREIGHT / DEAD FREIGHT / DEMMURRAGE ONLY RELATED TO THE PRESENT VOYAGE OF THE VESSEL UNDER THIS CHARTER PARTY DATED 2ND APRIL 2008.

CLAUSE 42:

SHOULD THE VESSEL CALL ANY PORT OR PORTS AFTER COMPLETION OF LOADING OR HAVE ANY BREAKDOWN OF ENGINES, STOPPAGES OR OTHER EFFECTING THE VESSEL'S ARRIVAL TO DISCHARGING PORT, SAME TO BE REPORTED IMMEDIATELY TO THE PARTIES MENTIONED IN CLAUSE (32).

CLAUSE 43:

BUYERS, RECEIVERS, INSURANCE COMPANIES REPRESENTATIVES HAVE THE RIGHT TO BE ON BOARD OF THE VESSEL BEFORE / DURING DISCHARGE AS FAR AS PORT AND CUSTOMS AUTHORITIES PERMIT SAME.

CLAUSE 44:
ARBITRATION CLAUSE
ALL DISPUTES OR DIFFERENCES ARISING OUT OF OR UNDER THIS CONTRACT WHICH CAN NOT BE AMICABLY RESOLVED SHALL BE REFERRED TO ARBITRATION IN LONDON AND ENGLISH LAW TO APPLY.

UNLESS THE PARTIES AGREE UPON A SOLE ARBITRATOR, ONE ARBITRATOR SHALL BE APPOINTED BY EACH PARTY. IN THE CASE OF ARBITRATION ON DOCUMENTS, IF THE TWO ARBITRATORS SO APPOINTED ARE IN AGREEMENT THEIR DECISION SHALL BE FINAL. IN ALL OTHER CASES THE ARBITRATORS SO APPOINTED SHALL APPOINT A THIRD ARBITRATOR AND THE REFERENCE SHALL BE TO THE THREE-MAN TRIBUNAL THUS CONSTITUTED.

IF EITHER OF THE APPOINTED ARBITRATORS REFUSES TO ACT OR IS INCAPABLE OF ACTING, THE PARTY WHO APPOINTED HIM SHALL APPOINT A NEW ARBITRATOR IN HIS PLACE.

IF ONE PARTY FAILS TO APPOINT AN ARBITRATOR, WHETHER ORIGINALLY OR BY WAY OF UBSTITUTION FOR TWO WEEKS AFTER THE OTHER PARTY , HAVING APPOINTED THEIR ARBITRATOR, HAS (BY TELEX FAX OR LETTER) CALLED UPON THE DEFAULTING PARTY TO MAKE THE APPOINTMENT THE PRESIDENT FOR THE TIME BEING OF THE LONDON MARITIME ARBITRATORS ASSOCIATION SHALL, UPON APLICATION OF THE OTHER PARTY, APPOINT AND ARBITRATOR ON BEHALF OF THE EFAULTING PARTY AND THAT ARBITRATOR SHALL HAVE THE LIKE POWERS TO ACT IN THE REFERENCE AND MAKE AN AWARD (AND IF THE CASE SO REQUIRES ,THE LIKE DUTY IN RELATION TO THE APPOINTMENT OF A THIRD ARBITRATOR) AS IF HE HAD BEEN APPOINTED IN ACCORDANCE WITH THE TERMS OF THE AGREEMENT.

THIS CONTRACT IS GOVERNED BY ENGLISH LAW AND THERE SHALL APPLY TO ALL PROCEEDINGS UNDER THIS CLAUSE THE TERMS OF THE LONDON MARITIME ARBITRATORS ASSOCIATION CURRENT AT THE TIME WHEN THE ARBITRATION PROCEEDINGS WERE COMMENCED. ALL APPOINTEES SHALL BE MEMBERS OF THE ASSOCIATION.

PROVIDED THAT WHERE THE AMOUNT IN DISPUTE DOES NOT EXCEED THE SUM OF USD 25,000 (OR SUCH OTHER SUM AS THE PARTIES ANY AGREE ANY DISPUTE SHALL BE RESOLVED IN ACCORDANCE WITH THE SMALL CLAIMS PROCEDURE OF THE LONDON MARITIME ARBITRATOR'S ASSOCIATION.

CLAUSE 45:
THIS FIXTURE TO BE KEPT STRICTLY PRIVATE AND CONFIDENTIAL

CLAUSE 46.
CARGO QUANTITY TO BE DETERMINED BY DRAFT SURVEYOR.

CLAUSE 47.
EXACT DISCHARGE PORT TO BE DECLARED BEFORE VESSEL PASSING SINGAPORE.

CLAUSE 48.
VSL LOADABLE QTY AT HALDIA SUBJ HALDIA DRAFT ASF :- (REGARDING INTAKE IN HALDIA PLS INSERT ALL ABT AND VESSEL WILL BE EVENKEEL )

    7.0 MTRS FW 20400 MT
    7.2 MTRS FW 21300 MT
    7.5 MTRS FW 22700 MT
    7.8 MTRS FW 24000 MT
     8 MTRS FW 24100 MT

O W N E R S                                         C H A R T E R E R S

# EXHIBIT 2

| 1. Agents | STANDARD TIME SHEET (SHORT FORM) |
|---|---|
| BONVOYAGE SHIPPING & LOGISTICS | RECOMMENDED BY THE BALTIC AND INTERNATIONAL MARITIME CONFERENCE (BIMCO) AND THE FEDERATION OF NATIONAL ASSOCIATIONS OF SHIP BROKERS AND AGENTS (FONASBA) |

Page 2 of 4

| 2. Vessel's name | 3. Port |
|---|---|
| M/V Gant Vision | HALDIA |
| 4. Owners/Disponent Owners | 5. Vessel berthed |
| SIFANDROS CARRIER LtD | 18/4/2008 5:25:00 nu |
| 131, EAST STREET | |
| VALLETTA, MALTA | 6. Loading commenced    7. Loading completed |
| | Fri 18/4/2008 07:45    Sun 20/4/2008 02:00 |

| 8. Cargo | 9. Discharging commenced    10. Discharging completed |
|---|---|
| IRON ORE FINES          18.000,00 | |
| | 11. Cargo documents on board    12. Vessel sailed |
| | Sun 20/4/2008 22:00 |

| 13. Charter Party | 14. Working hours/meal hours of the port |
|---|---|
| GENCON 94                          2/4/2009 | |

| 15. Bill of Lading weight/quantity | 16. Outturn weight/quantity |
|---|---|
| 18.000,0000 | 0,0000 |

| 17. Vessel arrived on roads | 18. Time to count from |
|---|---|
| Fri 4/4/2008 23:00 | Sat 5/4/2008 00:01 |
| 19. Notice tendered | 20. Rate of demurrage (voyage)    21. Rate of despatch (voyage) |
| Fri 4/4/2008 23:00 | $    37.000,00          $    18.500,00 |

| 22. Next tide available | 21. Time to stop counting |
|---|---|
| | Sun 20/4/2008 03:00 |

| 24. Laytime allowed for loading | 25. Laytime allowed for discharging | 25. Demurrage/Despatch Amount (voyage) |
|---|---|---|
| Total: 07 d 03 h 26 m | | Demurrage $ 527.429,36 |

LAYTIME COMPUTATION

| Date | Day | Time worked | | Laytime used | | | On demurrage (voyage) | | | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| | | From | to | days | hours | mins | days | hour | mins | |
| 5/4/2008 | Sat | 00:01 | 00:01 | | | | | | | Time to start counting |
| 5/4/2008 | Sat | 00:01 | 23:59 | | | | | | | Turn Time |
| 5/4/2009 | Sat | 23:59 | 24:00 | | | 1 | | | | |
| 6/4/2008 | Sun | 00:00 | 24:00 | 1 | | | | | | |
| 7/4/2009 | Mon | 00:00 | 24:00 | 1 | | | | | | |
| 8/4/2008 | Tue | 00:00 | 24:00 | 1 | | | | | | |
| 9/4/2008 | Wed | 00:00 | 24:00 | 1 | | | | | | |
| 10/4/2008 | Thu | 00:00 | 24:00 | 1. | | | | | | |
| 11/4/2008 | Fri | 00:00 | 24:00 | 1 | | | | | | |
| 12/4/2008 | Sat | 00:00 | 24:00 | 1 | | | | | | |
| 13/4/2008 | Sun | 00:00 | 02:25 | | 2 | 25 | | | | |
| 13/4/2008 | Sun | 03:25 | 03:25 | | | | | | | Laytime Expired |
| 13/4/2008 | Sun | 03:25 | 24:00 | | 20 | 35 | | 20 | 35 | |
| 14/4/2008 | Mon | 00:00 | 24:00 | 1 | | | | 20 | 35 | |
| 15/4/2008 | Tue | 00:00 | 24:00 | 1 | | | 2 | 20 | 35 | |
| 16/4/2008 | Wed | 00:00 | 24:00 | 1 | | | 3 | 20 | 35 | |
| 17/4/2008 | Thu | 00:00 | 03:53 | | 3 | 53 | 4 | 0 | 28 | |
| 17/4/2008 | Thu | 03:53 | 17:05 | | | | 4 | 0 | 28 | Shifting to Berth |
| 17/4/2008 | Thu | 17:05 | 24:00 | | 6 | 55 | 4 | 7 | 23 | |
| 18/4/2008 | Fri | 00:00 | 04:39 | | 4 | 39 | 4 | 12 | 2 | |
| | | | | 11 | 25 | 28 | -4 | -12 | -2 | |

LAYTIME COMPUTATION

| Date | Day | Time worked | | | Laytime used | | | On demurrage (voyage) | | | Remarks |
|------|-----|------|------|------|------|-------|------|------|------|------|---------|
| | | From | to | | days | hours | mins | days | hour | mins | |
| 12/4/2008 | Fri | 01:39 | 05:25 | | | | | 4 | 12 | 2 | Shifting to Berth |
| 18/4/2008 | Fri | 05:25 | 24:00 | | 18 | | 35 | 3 | 6 | 37 | |
| 15/4/2008 | Sat | 00:00 | 24:00 | 1 | | | | 5 | 6 | 37 | |
| 20/4/2008 | Sun | 00:00 | 03:00 | | 3 | | | 6 | 9 | 37 | |
| 20/4/2008 | Sun | 03:00 | 03:00 | | | | | 6 | 9 | 37 | Time to stop counting |
| | | | | 13 | 13 | 3 | | -6 | -9 | -37 | |

General remarks

Place and date                                              Signature

Signature                                                   Signature

Regist. No
C25166
MALTA

| 1. Agents | STANDARD TIME SHEET (SHORT FORM) |
|---|---|
| BONVOYAGE SHIPPING & LOGISTICS | RECOMMENDED BY THE BALTIC AND INTERNATIONAL MARITIME CONFERENCE (BIMCO) AND THE FEDERATION OF NATIONAL ASSOCIATIONS OF SHIP BROKERS AND AGENTS (FONASBA)  |

| 2. Vessel's name | 3. Port |
|---|---|
| M/V Gant Vision | Paradip |
| 4. Owners/Disponent Owners | 5. Vessel berthed |
| SIFANDROS CARRIER Ltd. | 27/4/2008 9:55:00 pm |
| | 6. Loading commenced | 7. Loading completed |
| | Sun 27/4/2008 10:50 | Tue 29/4/2008 23:00 |

| 8. Cargo | | 9. Discharging commenced | 10. Discharging completed |
|---|---|---|---|
| IRON ORE FINES | 23,400,00 | | |
| | | 11. Cargo documents on board | 12. Vessel sailed |
| | | | Tue 29/4/2008 23:15 |
| 13. Charter Party | | 14. Working hours/timed hours of the port | |
| GENCON 94 | 2/4/2008 | | |
| 15. Bill of Lading weight/quantity | 16. Outturn weight/quantity | | |
| 23,400,0000 | 0,0000 | | |
| 17. Vessel arrived on roads | | 18. Time to count from | |
| Tue 29/4/2008 11:00 | | Mon 21/4/2008 11:00 | |
| 19. Notice tendered | | 20. Rate of demurrage (voyage) | 21. Rate of despatch (voyage) |
| Mon 21/4/2008 11:00 | | $  37.000,00 | $  18.500,00 |
| 22. Next tide available | | 23. Time to stop counting | |
| | | Tue 29/4/2008 23:00 | |
| 24. Laytime allowed for loading | 25. Laytime allowed for discharging | 26. Demurrage/Despatch Amount (voyage) | |
| Total: 07 d 03 h 26 m | | Demurrage $ 527.429,86 | |

LAYTIME COMPUTATION

| Date | Day | Time worked From | to | Laytime used days | hours | mins | On demurrage (voyage) days | hour | mins | Remarks |
|---|---|---|---|---|---|---|---|---|---|---|
| 21/4/2008 | Mon | 11:00 | 11:00 | | | | 6 | 9 | 37 | Time to start counting |
| 21/4/2008 | Mon | 11:00 | 23:00 | | | | 6 | 9 | 37 | Turn Time |
| 21/4/2008 | Mon | 23:00 | 24:00 | | 1 | | 6 | 10 | 37 | |
| 22/4/2008 | Tue | 00:00 | 24:00 | 1 | | | 7 | 10 | 37 | |
| 23/4/2008 | Wed | 00:00 | 24:00 | 1 | | | 8 | 10 | 37 | |
| 24/4/2008 | Thu | 00:00 | 24:00 | 1 | | | 9 | 10 | 37 | |
| 25/4/2008 | Fri | 00:00 | 24:00 | 1 | | | 10 | 10 | 37 | |
| 26/4/2008 | Sat | 00:00 | 24:00 | 1 | | | 11 | 10 | 37 | |
| 27/4/2008 | Sun | 00:00 | 06:25 | | 6 | 25 | 11 | 17 | 2 | |
| 27/4/2008 | Sun | 06:25 | 03:35 | | | | 11 | 17 | 2 | Shifting to Berth |
| 27/4/2008 | Sun | 09:35 | 24:00 | | 14 | 5 | 12 | 7 | 7 | |
| 28/4/2008 | Mon | 00:00 | 24:00 | 1 | | | 13 | 7 | 7 | |
| 29/4/2008 | Tue | 00:00 | 23:00 | | 23 | | 14 | 6 | 7 | |
| 29/4/2008 | Tue | 23:00 | 23:00 | | | | 14 | 6 | 7 | Time to stop counting |
| | | | | 21 | 9 | 33 | -04 | -6 | -7 | |

General remarks

| Place and date | Signature |
|---|---|
| Signature | Signature |



| 1. Agents<br>TIANJIN STARSHIP AGENCY CO. LTD. | STANDARD TIME SHEET (SHORT FORM)<br>RECOMMENDED BY THE BALTIC AND<br>INTERNATIONAL MARITIME CONFERENCE (BIMCO)<br>AND THE FEDERATION OF NATIONAL ASSOCIATIONS<br>OF SHIP BROKERS AND AGENTS (FONASBA) |

Page 2 of 2

| 2. Vessel's name<br>M/V Gant Vision | 3. Port<br>Xingang |
| 4. Owners/Disponent Owners<br>SIFANDROS CARRIER LTD | 5. Vessel berthed<br>18/5/2008 3:30:00 pp |
| | 6. Loading commenced | 7. Loading completed |

| 6. Cargo<br>IRON ORE FINES                42,400,00 | 9. Discharging commenced<br>Sun 18/5/2008 17:30 | 10. Discharging completed<br>Tue 20/5/2008 15:00 |
| | 11. Cargo documents on board | 12. Vessel sailed |

| 13. Charter Party<br>GENCON 94                                2/4/2008 | 14. Working hours/meal hours of the port |
| 15. Bill of Lading weight/quantity<br>42.400,0000 | 16. Outturn weight/quantity<br>42.400,0000 | |
| 17. Vessel arrived on roads<br>Thu 15/5/2008 00:05 | 18. Time to count from<br>Thu 15/5/2008 00:05 |
| 19. Notice tendered<br>Thu 15/5/2008 00:05 | 20. Rate of demurrage<br>$ 37.000,00 | 21. Rate of despatch<br>$ 18.500,00 |
| 22. Next tide available | 23. Time to stop counting<br>Tue 20/5/2008 15:00 |
| 24. Laytime allowed for loading | 25. Laytime allowed for discharging<br>04 d 05 h 46 m | 26. Demurrage/Despatch Amount<br>Demurrage $ 47.509,03 |

LAYTIME COMPUTATION

| Date | Day | Time worked | | Laytime used | | | On demurrage | | | Remarks |
|------|-----|------|----|------|-------|------|------|------|------|---------|
| | | From | to | days | hours | mins | days | hour | mins | |
| 15/5/2008 | Thu | 00:05 | 00:05 | | | | | | | Time to start counting |
| 15/5/2008 | Thu | 00:05 | 24:00 | | 23 | 55 | | | | |
| 16/5/2008 | Fri | 00:00 | 24:00 | 1 | | | | | | |
| 17/5/2008 | Sat | 00:00 | 24:00 | 1 | | | | | | |
| 18/5/2008 | Sun | 00:00 | 13:10 | | 13 | 10 | | | | |
| 18/5/2008 | Sun | 13:10 | 15:30 | | | | | | | Shifting to Berth |
| 18/5/2008 | Sun | 15:30 | 24:00 | | 8 | 30 | | | | |
| 19/5/2008 | Mon | 00:00 | 08:11 | | 8 | 11 | | | | |
| 19/5/2008 | Mon | 08:11 | 08:11 | | | | | | | Laytime Expired |
| 19/5/2008 | Mon | 08:11 | 24:00 | | 15 | 49 | | 15 | 49 | |
| 20/5/2008 | Tue | 00:00 | 15:00 | | 15 | | 1 | 6 | 49 | |
| 20/5/2008 | Tue | 15:00 | 15:00 | | | | 1 | 6 | 49 | Time to stop counting |
| | | | | 5 | 12 | 35 | -1 | -5 | -49 | |

General remarks

Place and date

Signature

Signature

Signature

## FINAL FREIGHT STATEMENT

| | | CREDIT | DEBIT |
|---|---|---|---|
| CHARTERERS : | LMJ | | |
| C/P DATED : | 02/04/08 | | |
| Cargo quantity per B/L | 42400 Mt   100pct of freight   US$ 47 per Mt | | $1,992,800.00 |
| Add. Comm. | 2.50% | $49,820.00 | |
| Brokerage Comm. | 1.25% | $24,910.00 | |
| Overage premium | | $2,500.00 | |
| | | $77,230.00 | $1,992,800.00 |
| Total freight earned in USD (net): | | | $1,915,570.00 |
| Total freight equivalent in € (agreed exch. rate 1,50) | | | 1,277,046.67 € |
| Total received from Charterers (Euros): | | | 1,238,048.00 € |
| Balance of freight due to Owners (in €): | | | 38,998.67 € |

## DEMURRAGE STATEMENT

CHARTERERS : LMJ
C/P DATED : 02/04/08

Demurrage rate: US$ 37000 pdpr

| | Days | Hours | Minutes | Demurrage earned | Commission on demurrage |
|---|---|---|---|---|---|
| Haldia-Paradip | 14 | 6 | | $527,429.86 | $19,778.62 |
| Xingang | 1 | 6 | 49 | $47,509.03 | $1,781.59 |
| Net demurrage due to Owners | | | | $574,938.89 | $21,560.21 | $553,378.68 |
| Euro equivalent of demurrage (rate €/USD 1.5) | | | | | 388,919.12 € |

| CHARTERERS : C/P DATED : | IMJ 02/04/08 | |
|---|---|---|
| Net amount due from freight earned: | 38.998,67 € | |
| Net amount due from demurrages: | 368.919,12 € | |
| Total amount due: | | 407.917,79 € |

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SIFANDROS CARRIER LTD.,

                                                              :
                                                              :     08 CV _____
                          Plaintiff,                          :
                                                              :     ECF CASE
        - against -                                           :
                                                              :
LMJ INTERNATIONAL LTD. a/k/a                                  :
LMJ INTERNATIONAL LIMITED a/k/a                               :
LMJ INTERNATIONAL a/k/a                                       :
L M J INTERNATIONAL,                                          :
                                                              :
                          Defendant.                          :

---------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF PRAYER FOR MARITIME ATTACHMENT

State of Connecticut  )
                      )     ss: Town of Southport
County of Fairfield   )

        Kevin J. Lennon, being duly sworn, deposes and says:

        1.    I am a member of the Bar of this Court and represent the Plaintiff herein.  I am

familiar with the facts of this case and make this Affidavit in support of Plaintiff's prayer for the

issuance of a Writ of Maritime Attachment and Garnishment, pursuant to Rule B of the

Supplemental Admiralty Rules of the Federal Rules of Civil Procedure.

### DEFENDANT IS NOT PRESENT IN THE DISTRICT

        2.    I have attempted to locate the Defendant, LMJ INTERNATIONAL LTD. within

this District.  As part of my investigation to locate the Defendant within this District, I checked

the telephone company information directory, as well as the white and yellow pages for New

York listed on the Internet or World Wide Web, and did not find any listing for the Defendant.

Finally, I checked the New York State Department of Corporations' online database which

showed no listings or registration for the Defendant.

3. I did locate a domestic business corporation named "LMJ International Corp." which is listed and/or registered on the New York State Department of Corporations' online database. However, this is not believed to be the same LMJ International Ltd. which is the subject of this action. Further, the listing recites that LMJ International Corp. service of process address is located outside of the district and there is no registered agent to accept service of process. *Attached hereto as Exhibit 1 is a printout from the NYS Department of State Entity Information page for LMJ International Corp.*

4. I also located a website hosted at www.lmjinternational.com that appears to be owned, operated and maintained by the Defendant LMJ International Ltd. However, a review of that website does not appear to show any presence within this District. *Attached hereto as Exhibit 2 is a printout from the aforementioned website 'Contact Us' page.*

5. I submit based on the foregoing that the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.

6. Upon information and belief, the Defendant has, or will have during the pendency of this action, tangible and intangible property within this District and subject to the jurisdiction of this Court, held in the hands of in the hands of garnishees within this District, which are believed to be due and owing to the Defendant.

7. This is Plaintiff's first request for this relief made to any Court.

## PRAYER FOR RELIEF FOR ORDER ALLOWING SPECIAL PROCESS SERVER

8. Plaintiff seeks an Order pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing Patrick F. Lennon, Kevin J. Lennon, Charles E. Murphy, Nancy Peterson (Siegel), Colleen McEvoy, Anne C. LeVasseur or any other partner, associate,

2

paralegal or agent of Lennon, Murphy & Lennon, LLC, or any process server employed by Gotham Process Servers, in addition to the United States Marshal, to serve the Ex Parte Order and Process of Maritime Attachment and Garnishment, together with any interrogatories, upon the garnishee(s), together with any other garnishee(s) who (based upon information developed subsequent hereto by the Plaintiff) may hold assets of, for or on account of, the Defendants.

9.    Plaintiff seeks to serve the prayed for Process of Maritime Attachment and Garnishment with all deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment/award ultimately obtained by Plaintiff and entered against the Defendant.

10.    To the extent that this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it involves simple delivery of the Process of Maritime Attachment and Garnishment to the various garnishees to be identified in the writ.

## PRAYER FOR RELIEF TO SERVE LATER IDENTIFIED GARNISHEES

11.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this litigation, to be holding, or believed to be holding, property of the Defendant, within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court amended Process seeking simply to identify other garnishee(s).

3

## PRAYER FOR RELIEF TO DEEM SERVICE CONTINUOUS

12.    Further, in order to avoid the need to repetitively serve the garnishees/banks,

Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying Ex Parte

Order for Process of Maritime Attachment, for any process that is served on a garnishee to be

deemed effective and continuous service of process throughout any given day on which process

is served through the next day, provided that process is served the next day, and to authorize

service of process via facsimile or e-mail following initial *in personam* service.

Dated:       July 1, 2008
             Southport, CT

Kevin J. Lennon

Sworn and subscribed to before me
this 1st day of July 2008.

NOTARY PUBLIC

3

# EXHIBIT 1

# NYS Department of State

## Division of Corporations

### Entity Information

Selected Entity Name: LMJ INTERNATIONAL CORP.

Selected Entity Status Information

**Current Entity Name:** LMJ INTERNATIONAL CORP.
**Initial DOS Filing Date:** NOVEMBER 17, 2004
**County:** NEW YORK
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
LMJ INTERNATIONAL CORP.
PO BOX 110
CEDARHURST, NEW YORK, 11516

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results           New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

# EXHIBIT 2

LMJ INTERNATIONAL (preview only)

