UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIFANDROS CARRIER LTD.,

                        Plaintiff,

    -against-                                  08 Civ. 5999

LMJ INTERNATIONAL LTD.,            **MEMORANDUM OPINION
                                                         AND ORDER**

                        Defendant.

Richard J. Holwell, District Judge:

       The plaintiff filed a Verified Complaint and asked the Court to issue Process of Maritime Attachment and Garnishment ("process of attachment") pursuant to Supplemental Rule B. The Court issued such an order on July 2, 2008, based on Electronic Fund Transfers (EFTs) passing through this district. Subsequently, the Second Circuit issued a decision holding that "EFTs are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank" and "cannot be subject to attachment under Rule B." *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477, 08-3758, 2009 WL 3319675, at *10–*11 (2d Cir. Oct. 16, 2009). This Court then ordered the plaintiff to show cause why, in light of *Jaldhi*, the Court should not vacate its process of attachment and dismiss the case for lack of personal jurisdiction.

       On November 24, 2009, the plaintiff responded by letter to the order to show cause. Plaintiff in its response does not object to vacatur of the Court's order of attachment. Instead, it argues that the Court should order the attached funds released to the plaintiff under a settlement agreement that the parties purportedly reached on October 15, 2009. Plaintiff believes that agreement—not *Jaldhi*, which was decided one day later—now controls the disposition of

defendant's funds currently restrained by HBSC (USA) Bank N.A. and Standard Chartered Bank in New York. To date, the defendant has not appeared in this action.

Even if the parties did reach a settlement, the plaintiff does not say why the Court has jurisdiction over the defendant to enforce an agreement which was never "so-ordered" by the Court and does not on its face include the parties' consent to this Court's jurisdiction. Indeed, on similar facts this Court recently found that it lacks jurisdiction. *See BSLE Malta Ltd. v. Puyvast Chartering BV*, Nos. 07-6289 and 09-2031, 2010 WL 86819, at *1–* 2 (S.D.N.Y. Jan. 8, 2010) (dismissing case for lack of personal jurisdiction after the defendant raised that defense).

Here, of course, the defendant has not appeared, let alone raised a personal jurisdiction defense. And whether the Court has the power to dismiss an action *sua sponte* for lack of personal jurisdiction is not settled in this Circuit. One Second Circuit case at least hints that a court should not raise the issue itself. In *Dardana Ltd. v. A.O. Yuganskneftegaz*, 317 F.3d 202, 209 (2d Cir. 2003), the Second Circuit vacated a district court's dismissal of an action against two defendants. The plaintiff had asked the district court to confirm foreign arbitral awards against those defendants—one appearing, the other not. *Id.* at 203. The court instead granted the first defendant's motion to dismiss for lack of personal jurisdiction and, *sua sponte*, dismissed the case against the second defendant on the same ground. *Id.* In vacating the judgment as to both defendants, the reviewing court expressed no direct opinion on the *sua sponte* dismissal, but it said in a footnote that the first defendant "agrees with [plaintiff] that dismissal as to [the second, non-appearing defendant] was procedurally improper." *Id.* at 209 n.16.

While this is not the strongest of guidance, it does accord with the familiar notion that personal jurisdiction differs fundamentally from subject matter jurisdiction in its focus on the parties' interests rather than on the court's power. *See Wis. Dep't of Corrections v. Schact*, 524

U.S. 381, 394 (1998) (Kennedy, J., concurring) (personal jurisdiction "can be waived and courts need not raise the issue *sua sponte*"); Hien Ngoc Nguyen, *Under Construction: Fairness, Waiver, & Hypothetical Eleventh Amendment Jurisdiction*, 93 Cal. L. Rev. 587, 593 (2005) (distinguishing subject matter jurisdiction's "structural delineation of federal courts' power" from personal jurisdiction's concern with "defendants' due process rights," which thus "implicates the defendants' rights, not the courts' fundamental ability to hear a case's merits"); *but see Dawn Shipping Ltd. v. C & Merchant Marine Co. Ltd.*, No. 08-7827, 2009 WL 4729878, at *1 (Dec. 9, 2009) ("When a default judgment is sought, the Court has an affirmative duty to assure itself that it has jurisdiction over the parties.").

For these reasons, the Court declines to raise a defense for the defendant that the defendant itself has not raised. The funds attached shall be disposed of according to the parties' agreement: HBSC (USA) Bank N.A. shall release $833.00 in attached funds to the plaintiff, and Standard Chartered Bank shall release $3,379.48 to the same. The Court's order granting process of attachment is vacated, and the action is dismissed. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: New York, New York
January 15 2010

Richard J. Holwell
United States District Judge